**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4569**

─────────────

UNITED STATES OF AMERICA,

                 Plaintiff – Appellee,

     v.

MICHAEL LEWIS WIMBERLY,

                 Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:12-cr-00738-RBH-1)

─────────────

Submitted:  February 12, 2015     Decided:  February 18, 2015

─────────────

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. John C. Potterfield, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lewis Wimberly pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 371, 1343 (2012). He received a sixty-month sentence. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether the district court complied with Fed. R. Crim. P. 11 when it accepted Wimberly's guilty plea and whether the sentence was reasonable. Although informed of his right to do so, Wimberly has not filed a supplemental brief. The Government declined to file a response. We affirm.

Because Wimberly did not move to withdraw his plea, we review his Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Here, we find no error, as the district court substantially complied with Rule 11 when accepting Wimberly's plea. Given no indication to the contrary, we therefore find that the plea was knowing and voluntary, and, consequently, final and binding. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

Next, counsel questions whether the sentence was reasonable, considering that a thirty-month portion of Wimberly's sentence was imposed consecutive to an undischarged state sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United

States, 552 U.S. 38, 46 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, it then considers substantive reasonableness. Id. at 51. Procedural error includes improperly calculating the Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id. To adequately explain the sentence, the district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The individualized assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review. Id. at 330. Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Sentencing Guidelines range, we apply a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012). We conclude that Wimberly has not rebutted the presumption of reasonableness.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Wimberly's conviction and sentence. This court requires that counsel inform Wimberly, in writing, of the right to petition the Supreme Court of the United States for

3

further review.  If Wimberly requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Wimberly.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4